## DUNSON MILLS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17019.   Promulgated March 2, 1928.

*Chester A. Gwinn, Esq.*, for the petitioner
*J. F. Greaney, Esq.*, for the respondent.

OPINION.

SIEFKIN: Two issues are before us for decision. The first relates to our jurisdiction; the second to the statute of limitations.

As to jurisdiction, the respondent renews his contention, his motion to that effect having been previously overruled, that the notice and demand dated April 12, 1926, marked "Second notice and demand," and the letter of the same date from a collector of internal revenue, advising the petitioner that its claim for abatement had been considered by the Commissioner of Internal Revenue and rejected, did not constitute a notice of deficiency as to which a petition could be filed with this Board. It is argued by the respondent that the designation of the notice and demand accompanying the letter as a " second notice " requires us to assume that there was a first notice, and that we must infer that a first notice was properly sent as to which the petitioner might properly have filed a petition. So far as the facts disclose, however, no such notice was sent and the letter from the collector relied on as the notice of deficiency appearing affirmatively to have been sent to the petitioner on instructions of the Commissioner, and to contain every element of a notice of deficiency which would give us jurisdiction, we hold that we have jurisdiction.

The contention of the respondent as to the statute of limitations is that the petitioner has failed to allege and prove all necessary facts to permit us to determine that the statute of limitations has run. Specifically, the respondent contends that it is the duty of the petitioner who relies upon and pleads the statute of limitations, to negative, by pleading and proof, all exceptions in the statute. He points out that there is no allegation in the petition, that no distraint or proceeding in court for collection of the tax was begun prior to the enactment of the Revenue Act of 1924 (relying on section 1109 (b) of the Revenue Act of 1926), and that the petitioner has not alleged and proved that no waivers were filed other than the one of February 5, 1923. It is conceded by the respondent that no fraud is chargeable to the petitioner; that the case is not one within section 214 (a) (9) or section 234 (a) (8) of the Revenue Act of 1921, and that it is not a case involving final settlement of losses or other deductions

tentatively allowed by the respondent pending a determination of the exact amount deductible.

If respondent's position is not sound, it is obvious that the proposed deficiency is barred by the provisions of section 250(d) of the Revenue Act of 1921 since, under the decision of the Supreme Court of the United States in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 364, collection was barred not later than March 28, 1924. Collection was thus barred at the time the Revenue Act of 1924 was passed. We have held, in considering the Revenue Act of 1921, that the proviso need not be negatived by the petitioner. See *Farmers Feed Co.*, 10 B. T. A. 1069. That case is controlling and we must hold that the deficiency is barred.

> *Judgment that there is no deficiency for the fiscal year ended July 31, 1917, will be entered.*